854 F.2d 673
 Roger PHILLIPS; Marcel Joseph; Robert Zembower, on behalf
of themselves and all others similarly situated,
Plaintiffs-Appellants,
v.
Ann McLAUGHLIN, Secretary of Labor, United States Department
of Labor; United States Sugar Corporation;
Florida Fruit & Vegetable Association,
Defendants-Appellees,
Haitian Catholic Center, Amicus Curiae.
 No. 87-2544.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 2, 1988.
Decided Aug. 19, 1988.
 
 Gregory Schell, Immokalee, Fla. (Legal Aid Bureau, Inc., Garry G. Geffert, West Virginia Legal Services Plan, Inc., Martinsburg, W. Va., on brief), for plaintiffs-appellants.
 Jeffrey Hennemuth (George R. Salem, Sol. of Labor, Allen H. Feldman, Associate Sol. for Sp. Appellate and Supreme Court Litigation, Steven J. Mandel, Washington, D.C., Counsel for Appellate Litigation, U.S. Dept. of Labor, on brief), Ann Pointer (Charles Kelso, Don S. Lemmer, Fisher & Phillips, Atlanta, Ga., Thomas J. Gisriel, Gisriel & Gisriel, Baltimore, Md., on brief), for defendants-appellees.
 Isidro Garcia, Florida Rural Legal Services, Inc., Belle Glade, Fla., on brief, for amicus curiae.
 Before WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and RAMSEY, United States District Judge for the District of Maryland, sitting by designation.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 Plaintiffs are a nationwide class of domestic farmworkers who reside within commuting distance of their places of work and who have been or will be denied housing by employers who import nonimmigrant foreign farmworkers. They challenge denial of employer-provided housing as a violation of 20 C.F.R. Sec. 655.202(b)(1) (1987), a regulation issued by the United States Department of Labor (DOL) as a part of DOL's "H-2" program for certifying employers to import nonimmigrant foreign farmworkers. The district court rejected their claim and granted summary judgment to defendants, DOL, the Secretary of Labor,[1] Florida Fruit & Vegetable Association, and United States Sugar Corporation. It accepted DOL's interpretation of Sec. 655.202(b)(1) as not entitling the plaintiff class to employer-provided housing. See Phillips v. Brock, 652 F.Supp. 1372 (D.Md.1987). Plaintiffs have appealed.
 
 
 2
 Subsequent to the district court's decision but before our consideration of this appeal, the DOL published an interim final rule under the Immigration Reform and Control Act (IRCA), Pub.L. 99-603, 100 Stat. 3359 (1986), that in large part replaces the "H-2" certification regulations with a new "H-2A" program. The interim final rule includes a provision which states that the requirement that an employer provide housing shall extend to those domestic workers "who are not reasonably able to return to their residence within the same working day." 52 Fed.Reg. 20495, 20513 (June 1, 1987) (codified at 20 C.F.R. Sec. 655.102(b)(1) (1988)). Because the district court's decision is based upon an interpretation of a regulation which has been superseded so far as the plaintiff class is concerned and plaintiffs have requested only prospective relief, we vacate the decision of the district court and remand with instructions to dismiss this action as moot. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 & n. 2, 71 S.Ct. 104, 106-07 & n. 2, 95 L.Ed. 36 (1950).
 
 I.
 
 3
 DOL issues labor certifications allowing agricultural growers to import nonimmigrant foreign agricultural workers under certain conditions. Prior to promulgation of the new interim rule, such growers were termed "H-2" growers under DOL regulations. A regulation of the Attorney General provides that employers may be certified if DOL determines that the admission of foreign agricultural workers would not adversely affect similarly employed domestic workers.[2] Plaintiffs challenged DOL's interpretation of the following regulation under the H-2 certification program:
 
 
 4
 (b) Except when higher benefits, wages, or working conditions are required by the provisions of paragraph (a) of this section, the Administrator has determined that, in order to protect similarly employed U.S. workers from adverse effect with respect to wages and working conditions, every job offer for U.S. workers must always include the following minimal benefit, wage, and working condition provisions:
 
 
 5
 (1) The employer will provide the worker with housing without charge to the worker. The housing will meet the full set of standards set forth at 29 CFR 1910.142 or the full set of standards set forth at Part 654, Subpart E of this chapter, whichever is applicable under the criteria of 20 CFR 654.401....
 
 
 6
 20 C.F.R. Sec. 655.202(b)(1) (1987) (emphasis added).
 
 
 7
 Class representatives Roger Phillips, Robert Zembower, and Marcel Joseph argued that under this regulation, H-2 growers must provide housing not only to H-2 workers and those domestic employees who do not live within commuting distance of their job site, but also to domestic employees who do live within commuting distance.[3] The district court found that Sec. 655.202(b)(1) had long been interpreted by DOL to require H-2 growers to provide free housing meeting certain housing conditions to a domestic employee only if the worker was recruited from outside the local commuting area. See Phillips, 652 F.Supp. at 1380. The district court concluded that the DOL's interpretation was not contrary to the regulation's plain meaning, but rather a rational interpretation entitled to considerable deference as a longstanding interpretation by an agency of its own regulation. It therefore granted defendants' motion for summary judgment.
 
 
 8
 Before us, plaintiffs contend that the DOL interpretation is contrary to the plain meaning of the regulation and is not an interpretation of long standing to be afforded a deferential standard of review. In particular, plaintiffs argue that DOL recently adopted the interpretation denying the plaintiff class housing benefits, offering new evidence not available to the district court.[4] Plaintiffs further contend that this alleged change in DOL's policy constitutes a recent rulemaking under the Administrative Procedure Act for which defendants have failed to engage in APA informal rulemaking procedures.
 
 
 9
 On June 1, 1987, after the district court's decision of February 3, 1987, DOL published new regulations governing the labor certification process for importation of foreign agricultural workers, in large part replacing the H-2 program with the new H-2A program. See generally 52 Fed.Reg. 20495, 20507-20524 (codified as Subpart B, 20 C.F.R. Secs. 655.90-113 (1988)).[5] The H-2A regulation governing employer-provided housing expressly incorporates DOL's alleged interpretation of the H-2 housing regulation, providing in relevant part:
 
 
 10
 The employer shall provide to those workers who are not reasonably able to return to their residence within the same day housing, without charge to the worker, which may be, at the employer's option, rental or public accommodation type housing.
 
 
 11
 52 Fed.Reg. at 20513 (codified at 20 C.F.R. Sec. 655.102(b)(1) (1988)). The regulation that plaintiffs challenge, 20 C.F.R. Sec. 655.202(b)(1) (1987), now applies only to agricultural employers seeking DOL certification for importation of logging and "non-H-2A" agricultural workers:
 
 
 12
 This subpart applies to applications for temporary alien agricultural labor certification filed before June 1, 1987, and to applications for temporary alien labor certification for logging employment.
 
 
 13
 52 Fed.Reg. at 20524 (codified at 20 C.F.R. Sec. 655.200(a) (1988) as an amendment to Subpart C).[6]
 
 II.
 
 14
 Although plaintiffs filed their notice of appeal on March 2, 1987, prior to the promulgation of the new, H-2A regulation, "[i]n the federal system an appellate court determines mootness as of the time it considers the case, not as of the time it was filed," Allee v. Medrano, 416 U.S. 802, 818 n. 12, 94 S.Ct. 2191, 2202 n. 12, 40 L.Ed.2d 566 (1974). We therefore invited the parties to this appeal to submit supplemental briefing on whether this new regulation renders the instant action moot. We are unpersuaded by the several arguments presented by the parties in support of the continued existence of Article III jurisdiction. We discuss those arguments and our reasons for their rejection.
 
 
 15
 The Secretary argues that Congress has enacted a "status quo provision" in IRCA[7] which cures possible jurisdictional infirmities by linking the H-2 regulation's validity with the new, H-2A regulation's legal fate. In relevant part, it provides:
 
 
 16
 Employers shall furnish housing in accordance with regulations.... [N]othing in this paragraph shall require an employer to provide or secure housing for workers who are not entitled to it under the temporary labor certification regulations in effect on June 1, 1986.
 
 
 17
 Section 301(c)(4) of IRCA, 100 Stat. at 3414, 8 U.S.C.A. Sec. 1186(c)(4) (West Supp.1988). This statute, while it plainly does not foreclose DOL from promulgating a new regulation which requires employers to provide in the future the same or fewer housing benefits for domestic workers who live within the commuting area, equally does not require the promulgation of one. At best it prevents DOL only from promulgating a regulation pursuant to this statute requiring employers to provide additional benefits, and no party to this dispute has contended that DOL has done so in promulgating the H-2A housing regulations. Moreover, even if Sec. 1186(c)(4) were legally relevant to the plaintiffs' challenge to DOL's interpretation of the H-2 regulation, this subsection of IRCA does not thereby become a vehicle for converting plaintiffs' lawsuit into a challenge to the new regulation. A procedural challenge to the new regulation would raise substantially different legal issues from the plain meaning and APA rulemaking arguments propounded in this lawsuit.
 
 
 18
 The Secretary, defendant agricultural employers, and the plaintiffs all contend in their supplemental briefs that the possible collateral legal effect of our judgment enables us to decide the merits of this appeal. They argue that declaratory relief as to the validity of DOL's interpretation of its previous regulation will affect any future litigation between the parties concerning the new regulation.[8] For example, if we were to reach the merits and determine that 20 C.F.R. Sec. 655.202(b)(1) (1987) must be interpreted as requiring H-2 employers to offer housing to the plaintiff class, any challenge to DOL's new regulation on the ground that it was not accompanied by a reasoned explanation and full consideration would be furthered. See Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 42, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983) (agency changing its course by rescinding rule required to supply reasoned analysis beyond what would be required if agency had not acted in the first instance); AFL-CIO v. Brock, 835 F.2d 912, 917-20 (D.C. Cir.1987) (agencies may not substantially alter regulatory policy without reasoned explanation). Conversely, if we were to decide that the district court's holding was not in error, presumably a challenge to the new regulation in reliance on State Farm would be substantially weakened.
 
 
 19
 Contrary to the parties' argument, we do not think that the possible future collateral legal consequences of a judgment by us suffices to establish a justiciable controversy under Article III. A request for prospective relief alone, founded on a challenge to a regulation which no longer applies to plaintiffs, does not present an actual case or controversy. See Burke v. Barnes, 479 U.S. 361, 107 S.Ct. 734, 736 & note, 93 L.E.2d 732, 736 & note (1987) (interest in "lawmaking process" does not save legal challenge to expired statute from mootness; judicially cognizable injury no longer exists when statute ceases to be effective); Diffenderfer v. Central Baptist Church of Miami, Florida, Inc., 404 U.S. 412, 415, 92 S.Ct. 574, 576, 30 L.Ed.2d 567 (1972) (per curiam) (action for relief only in the form of declaration that statute was unconstitutional as applied was moot because statute had been repealed).[9]
 
 
 20
 The parties' arguments concerning the need to conserve judicial resources have superficial appeal but may not be adopted. While it is regrettable that if plaintiffs were to present a legal challenge to the H-2A regulation as implemented, the parties might be required to expend resources litigating anew DOL's interpretation of the H-2 regulation, the Constitution does not permit us to classify an opinion as nonadvisory by anticipating a challenge to the new H-2A regulation.[10]III.
 
 
 21
 Because plaintiffs have requested only prospective relief from a regulation which no longer applies to them or members of the class which they represent, our judgment on the merits would not resolve an extant case or controversy. We vacate the judgment of the district court and remand the case to it for entry of an order dismissing this action as moot.[11]
 
 
 22
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Former Secretary William E. Brock was originally named as a defendant in this action. The current Secretary of Labor, Secretary Ann McLaughlin, has been substituted as a named defendant on appeal
 
 
 [2]
 See 8 C.F.R. Sec. 214.2(h)(3)(i)(A) (1987) (requiring employers of foreign workers to obtain certification from Secretary of Labor that importation of H-2 workers will not "adversely affect wages and working conditions of workers in the United States similarly employed"). The Attorney General promulgated this regulation through the Immigration and Naturalization Service, pursuant to Congress' direction that the Attorney General consult with appropriate federal agencies with regard to the importation of alien employees. See 8 U.S.C. Sec. 1184(c)
 
 
 [3]
 Plaintiffs submitted evidence that they would prefer to be given the opportunity to choose employer-provided housing for several reasons. For example, plaintiffs presented evidence that members of the class may wish to avoid the time and relatively high expense of commuting to job sites and wish to obtain the possible benefit of better housing conditions in employer-provided housing, given special regulation of housing standards pursuant to Sec. 655.202(b)(1) (1987)
 
 
 [4]
 Specifically, they call attention to certain DOL General Administration Letters, which they contend reveal that DOL's current interpretation of 20 C.F.R. Sec. 655.202(b)(1) (1987) was first adopted in or around the year 1980. These letters were not produced by the defendants in discovery proceedings below, but were included as addenda to DOL's appellate brief
 
 
 [5]
 An H-2A worker is defined at Sec. 655.100(d) (1988) as
 any nonimmigrant alien admitted to the United States for agricultural labor or services of a temporary or seasonal nature under section 101(a)(15)(H)(ii)(a) of the INA (8 U.S.C. 1101(a)(15)(H)(ii)(a)).
 
 
 [52]
 Fed.Reg. at 20510
 
 
 [6]
 Plaintiffs concede that the superseded regulation is "no longer in effect," Supplemental Brief at 4, and we understand this to mean that while the H-2 housing program regulation has not been completely superseded, there are no members of the plaintiff class still subject to this regulation as "non-H-2A" workers. As applied to the plaintiff class, the regulation has been superseded by the new, H-2A regulation on employer-provided housing. Plaintiffs have not represented that any applications filed before June 1, 1987, have resulted in certifications still in effect for employers of any member of the plaintiff class. Certifications are for limited durations and "shall never be for more than eleven months." 20 C.F.R. Sec. 655.207(b)(1) (1987)
 
 
 [7]
 IRCA was signed into law on November 6, 1986, during the pendency of this action in the district court
 
 
 [8]
 The Secretary acknowledges that plaintiffs' request for injunctive relief is moot, Supplemental Brief at 3 n. 1, but asserts that the request for declaratory relief has "substantial and continuing legal significance, and should be addressed in these proceedings," id. at 3
 
 
 [9]
 Plaintiffs' reliance on precedents such as Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), is misplaced. In holding that the case before it was not moot, the Supreme Court did not articulate a general doctrine that collateral legal consequences could foreclose jurisdictional problems, but rather carefully adhered to the Article III requirement of an actual case or controversy:
 So far as petitioner Vermont Yankee is concerned, there is certainly a case or controversy in this Court with respect to whether it must, by virtue of the Court of Appeals' decision, submit its license to the Commission for reevaluation and possible revocation under a new rule.
 435 U.S. at 535 n. 14, 98 S.Ct. at 1207 n. 14.
 
 
 [10]
 The parties have not argued, and we see no basis in the record for concluding, that this is a case involving actions of sufficiently short duration and inherently rapid frequency so as to be capable of repetition yet evading review, see Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911), or a case which may produce irreparable injury if not immediately decided, Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969)
 
 
 [11]
 Plaintiffs request that, should we conclude that the instant action is moot, we vacate the decision and remand with instructions that plaintiffs be allowed to amend their complaint. Supplemental Brief at 8-9, citing Diffenderfer v. Central Baptist Church of Miami, Florida, Inc., 404 U.S. 412, 415, 92 S.Ct. 574, 576, 30 L.Ed.2d 567 (1972). The Supreme Court allowed plaintiffs to amend their complaint in Diffenderfer "so as to demonstrate that the repealed statute retains some continuing force or to attack the newly enacted legislation," id., rather than dismissing the action. We choose to pursue the normal practice of United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), of remanding with instructions to dismiss the complaint because the entire action below is now moot, cf. Crowell v. Mader, 444 U.S. 505, 100 S.Ct. 992, 62 L.Ed.2d 701 (1980) (per curiam) (vacating without prejudice to further proceedings below when issues on appeal but not the entire case below became moot). As discussed in the text, we think a challenge to the new regulation could raise new and substantially different legal issues