**Mansfield JONES, Plaintiff–Appellant,**

v.

**Eleanor C. POINDEXTER, Administratrix of the Estate of Joseph W. Poindexter; Charles F. Purcell; Thomas E. Albro, James N.G. Cauthen, Defendants–Appellees.**

No. 89–2667.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1990.

Decided May 25, 1990.

Rehearing and Rehearing En Banc Denied June 25, 1990.

J. Benjamin Dick, Charlottesville, Va., for plaintiff-appellant.

George A. Somerville, Mays & Valentine, Richmond, Va., for defendants-appellees.

S.W. Tucker, Hill, Tucker & Marsh, Richmond, Va., on the brief, for plaintiff-appellant.

James C. Roberts, Mays & Valentine, Richmond, Va., on the brief, for defendants-appellees.

Before WIDENER and SPROUSE, Circuit Judges, and HOFFMAN, Senior District Judge for the Eastern District of Virginia, sitting by designation.

WALTER E. HOFFMAN, Senior District Judge:

This appeal is from the district court's dismissal of Jones's complaint under Fed.R. Civ.P. 12(b)(6), for failing to state a cause of action.

On May 12, 1988, the Circuit Court for the County of Louisa, Virginia, entered a $250,000.00 judgment against Jones, the plaintiff in the federal action below. Jones tendered an appeal bond with personal surety to the Clerk of the Louisa Circuit Court on May 27, 1988. Jones claims that the Louisa Clerk expressed his satisfaction with the surety's resources at that time. On June 7, 1988, Jones filed his notice of appeal with the clerk of the state court. In a letter dated June 8, 1988, the clerk stated that the bond was not approved because the posted bond provided for a personal surety rather than the required corporate or bank surety, or in the alternative a cash bond.

From May 31, 1988, until August 19, 1988, Poindexter and her attorneys, the defendants in the federal action, started several procedures in Fluvanna County to enforce the Louisa Circuit Court's judgment.[1] On July 1, 1988, Jones petitioned

---

1. The actions in the Fluvanna County Circuit Court included a suit to set aside "fraudulent"

the Virginia Supreme Court for a Writ of Prohibition against the Louisa County judge, Judge Pickford, and the Clerk of the Louisa Circuit Court. The writ was requested to prevent the defendants' execution on the Louisa County judgment pending appeal. The Virginia Supreme Court dismissed the petition for a writ without opinion on July 19, 1988.

On July 20, 1988, Judge Pickford heard Poindexter's motion to quash the May 27, 1988, appeal bond. In an August 4, 1988, order amending the original judgment, Judge Pickford ordered the filing of a $300,000.00 appeal bond with surety to be approved by the clerk. In the same order, Judge Pickford stated that the court deemed that the May 27, 1988, bond was of no effect and would be of no effect until the clerk approved the surety. Jones's petition for appeal was filed with the Virginia Supreme Court on August 12, 1988, after Judge Pickford deemed that the May 27, 1988, bond was not effective.

On September 13, 1988, Jones filed a bill of complaint in the Fluvanna Circuit Court seeking injunctive relief preventing execution of the original Louisa judgment. Sitting as a judge of the Fluvanna Circuit Court, on September 22, 1988, Judge Pickford enjoined the defendants from instituting or further prosecuting any action to enforce the judgment pending appeal to the Supreme Court of Virginia. The September 22, 1988, injunctive relief order was to be without effect unless Jones posted a $275,000.00 bond in cash or with corporate surety. On September 26, 1988, the Virginia Supreme Court denied a request to review the September 22, 1988, order's $275,000.00 bond requirement.

Jones filed a motion in the Eastern District of Virginia for a preliminary injunction that would bar the state court plaintiff, Poindexter, and her attorneys from executing the state court judgment pending the state court appeal. The motion named Poindexter and her attorneys as co-defendants. Jones filed an amended complaint on October 12, 1988, alleging violations of the Fourteenth Amendment's due process and equal protection clauses as well as the Thirteenth Amendment and the Civil Rights Act of 1866.

Judge Merhige denied the preliminary injunction on October 28, 1988. By an order dated January 25, 1989, Judge Merhige dismissed the amended complaint for failure to state a cause of action. The January 25, 1989, order dismissed Jones's claims for money damages resulting from the defendants' alleged Thirteenth and Fourteenth Amendment violations. On April 6, 1989, Jones filed his notice of appeal from the January 25, 1989, order.[2]

In an unpublished memorandum opinion of September 22, 1989, the Supreme Court of Virginia affirmed the Louisa County Circuit Court's May 12, 1988, decision. The Supreme Court of Virginia entered an order, dated November 10, 1989, denying Jones's petition for a rehearing. The Louisa County judgment lien docket book indicates that Jones has paid the judgment in favor of Poindexter with the exception of $1,098.14 in costs assessed by the Supreme Court of Virginia.

### Analysis

#### A.

The Supreme Court of Virginia opinion affirming the Louisa County Circuit Court's opinion was entered while this appeal was pending. Jones's complaint sought a preliminary injunction barring Poindexter and her attorneys from executing the Louisa County judgment pending the appeal of the state court judgment. Jones

---

deeds and void a deed of gift made by Jones (May 31, 1988); a suit to set aside "fraudulent" assignments of bonds (June 10, 1988); docketing the Louisa County judgment (July 27, 1988); obtaining a writ of *fieri facias* and having the Fluvanna Sheriff levy on Jones's checking account and vehicles (August 2, 1988); the issuance of two garnishments on moneys owed to

Jones and a creditor's suit for the sale of Fluvanna real property (August 19, 1988).

**2.** Jones filed a motion to alter or amend judgment on February 7, 1989. That motion was denied in an order entered on March 7, 1989. Jones's notice of appeal was filed within thirty days from the time that the motion to alter or amend judgment was denied.

also sought monetary damages for the defendants' alleged violation of Jones's Thirteenth and Fourteenth Amendment rights.

■ The Virginia Supreme Court's opinion made Jones's appeal from Judge Mehrige's denial of the injunction moot. As we stated in *Koger v. United States,* 755 F.2d 1094, 1096 (4th Cir.1985), "Article III of the Constitution limits our power to hear only those cases involving an actual case or controversy. Furthermore, actual controversy must exist at all stages of review rather than only at the time of the filing of the complaint."

"In the federal system an appellate court determines mootness as of the time it considers the case, not as of the time that it was filed". *Phillips v. McLaughlin,* 854 F.2d 673, 676 (4th Cir.1988), quoting *Allee v. Medrano,* 416 U.S. 802, 818 n. 12, 94 S.Ct. 2191, 2202 n. 12, 40 L.Ed.2d 566 (1974). By the time that we heard this appeal, the Supreme Court of Virginia had handed down its opinion in the state court appeal. In his amended complaint, Jones requested an injunction against Poindexter's enforcement of her state court judgment "until the pending appeal from said judgment will be disposed of by the Supreme Court of Virginia". (J.A. 17). The Virginia Supreme Court's opinion and denial of the petition to rehear the case has made the appeal from the district court's denial of the preliminary injunction moot.

■ The fact that the Virginia Supreme Court's action rendered the injunction portion of Jones's claim moot does not necessarily cause all related claims to be moot. Jones's claim that Poindexter's attempts to execute the state court judgment violated Jones's Thirteenth and Fourteenth Amendment rights was not rendered moot by the Supreme Court of Virginia opinion.

Jones also requested compensatory and punitive damages for the alleged violations of his due process and equal protection rights under the Thirteenth and Fourteenth Amendments. Jones alleged that Poindexter's and her attorneys' use of state process to attempt to enforce her state court judgment against Jones was illegal. After the Supreme Court of Virginia affirmed the state court judgment, Jones paid Poindexter the money owed under the judgment, with the exception of the cost of appeal assessed by the Supreme Court.

In *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), the United States Supreme Court created an exception to the rule that the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.,* does not make the case moot" (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)). The "voluntary cessation of allegedly illegal conduct" makes the case moot where:

(1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur ... and

(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*Davis,* 440 U.S. at 631, 99 S.Ct. at 1383 (citations omitted). This case satisfies the first prong of the *Davis* test. It is unlikely that the same situation will arise between the two parties that would enable Poindexter to engage in the allegedly illegal execution of a state court judgment.

Poindexter failed to show that the effects of the alleged illegal execution have been completely and irrevocably eradicated. In *Henson v. Honor Committee of Univ. of Virginia,* 719 F.2d 69, 72 n. 5 (4th Cir. 1983), we held that a student's procedural due process claims were not moot even though the disciplinary charges against the student had been dismissed. The Tenth Circuit has held that the fact that a prisoner was furnished a copy of his trial transcript did not moot the prisoner's claim against the court reporter where, for three years, the court reporter had refused to sell the prisoner a copy of the prisoner's trial transcript for use in the prisoner's appeal. *DeLancy v. Caldwell,* 741 F.2d 1246 (10th Cir.1984).

### B.

Jones argues that no claim or issue preclusion exists because there was no effec-

tive state court adjudication affirming the Louisa County Clerk's attempt to require corporate surety. On July 20, 1988, Judge Pickford heard a motion to quash the May 27, 1988, appeal bond. The motion placed the validity of the May 27, 1988, bond before the court as a justiciable issue. In an order dated August 4, 1988, Judge Pickford amended the original judgment by requiring the filing of a $300,000.00 bond pending appeal with surety to be approved by the clerk. Although the August 4, 1988, order did not mention the motion to quash, the order stated that the court deemed the May 27, 1988, bond to be of no effect. The court's action appears to have invalidated the May 27, 1988, bond.

In *Greene v. Greene*, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982), the Supreme Court of Virginia held that Virginia circuit courts do not have jurisdiction to invalidate appeal bonds after the petition for appeal has been filed with the Supreme Court of Virginia. Jones had filed his notice of appeal with the Louisa clerk before the August 4, 1988, order, amending the original judgment, was entered. Jones filed a petition for appeal on August 12, 1988, after Judge Pickford amended the original judgment. The Louisa court's August 4, 1988, order held that Jones did not satisfy the bond requirement for suspension of a judgment pending appeal.

■ Poindexter contends that the Fluvanna County injunction suit bars the subsequent federal action because the same essential factual allegations were made in both cases. The Supreme Court has stated that "[i]t is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). The full faith and credit clause as implemented by the federal full faith and credit statute, 28 U.S.C. § 1738 [3],

requires federal courts to give the Fluvanna judgment the same res judicata effect that a state court would give. 465 U.S. at 80, 104 S.Ct. at 895. Where the same evidence is necessary to prove two claims, both claims are part of the same cause of action. *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563, 567 (1987). "The barring of a cause of action which could have been litigated is ... directed ... to a claim which, if tried separately, would constitute claim-splitting." *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917, 920–21 (1974). Together *Bates* and *Brown* would hold that the Fluvanna judgment's res judicata effect would prevent Jones from bringing this suit in state court. The district court properly dismissed this case since the issues presented below were also presented to the Fluvanna Circuit Court.

## C.

■ Even if we are in error as far as the claim preclusion issue goes, Poindexter did nothing wrong in trying to execute her state court judgment. Jones's complaint claims violations of Jones's Thirteenth and Fourteenth Amendment rights and seeks to maintain actions under 42 U.S.C. §§ 1981 and 1983. A § 1981 "full and equal benefit" suit will not stand unless there was state action denying the plaintiff the full and equal benefit of the law. *Shaare Tefila Congregation v. Cobb*, 785 F.2d 523, 525–26 (4th Cir.1986), *reversed on other grounds*, 481 U.S. 615, 107 S.Ct. 2019, 95 L.Ed.2d 594 (1987). Similarly, a § 1983 suit claiming a Fourteenth Amendment violation also requires state action. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156–57, 98 S.Ct. 1729, 1733–34, 56 L.Ed.2d 185 (1978).

"[T]he conduct that allegedly caus[ed] the deprivation of a federal right [must] be fairly attributable to the State" before an action will be considered to be state action. *Lugar v. Edmundson Oil Co.*, 457 U.S.

**3.** Title 28 U.S.C. § 1738 (1982) reads in pertinent part:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court

within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). *Lugar* established a two part test for fair attribution.

First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Id. Lugar* involved a § 1983 claim alleging the unconstitutional deprivation of property under Virginia's pre-judgment attachment statute. In *Lugar*, the Supreme Court held that the unlawful application of the pre-judgment attachment statute did not constitute the state action required for a successful § 1983 claim. 457 U.S. at 940, 102 S.Ct. at 2755.

Where the application of a statute would be illegal under state law, the application would be "contrary to the relevant policy articulated by the State" and cannot be "attributable to a state rule or to a state decision." *Id.* Jones alleged that Poindexter's attempt to use state process to enforce the judgment against Jones was illegal. Jones failed to satisfy the first half of the *Lugar* attribution test, since Jones alleged that Poindexter's use of state process was illegal.

Jones alleged that Poindexter's use of state process to attempt to enforce the judgment against Jones was action under color of law. The *Lugar* court stated that:

[c]ontrary to the suggestion of Justice Powell's dissent, we do not hold today that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state

officials satisfying the § 1983 requirement of action under color of law."

*Lugar,* 457 U.S. at 939 n. 21, 102 S.Ct. at 2755 n. 21. The *Lugar* footnote clearly states that actions such as Poindexter's do not rise to the level of action under color of law, therefore the second phase of the *Lugar* attribution test was not satisfied.

The district court's dismissal of Jones's action is affirmed.

AFFIRMED.