**KEYSTONE BUILDERS, INC., Plaintiff,**

v.

**FLOOR FASHIONS OF VIRGINIA, INC., et al., Defendants.**

**Civ. A. No. 93–0001–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

July 29, 1993.

Stephen Joseph Annino, Falls Church, VA, Danny Michael Atkins, McClure, Callaghan, Carter & Atkins, Charlottesville, VA, for Keystone Builders, Inc.

John Walter Zunka, Jane Pickelmann Long, Taylor & Zunka, Ltd., Charlottesville, VA, for Floor Fashions of Virginia, Philip D. Ryder.

Thomas Moore Lawson, Winchester, VA, for Selective Ins. Co. of America.

Francis McQuaid Lawrence, Elizabeth Morrison, St. John, Bowling & Lawrence, Charlottesville, VA, for Michael W. Harding.

Gregory E. Lucyk, Office of the Atty. Gen., Richmond, VA, for Com. of Virginia.

*MEMORANDUM OPINION*

MICHAEL, District Judge.

By standing order of June 30, 1992, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The matter came before the Magistrate Judge upon defendant's Motion to Dismiss. In his Report and Recommendation, filed on June 16, 1993, the Magistrate Judge recommended that Count I of plaintiff's complaint be dismissed with prejudice and that all other claims be dismissed without prejudice to refile them in the appropriate state forum. On June 29, 1993, plaintiff filed objections to the Report and Recommendation. Said objections are deemed to have been lodged with this court in an appropriate manner and this court will undertake a *de novo* determination. *Orpiano v. Johnson,* 687 F.2d 44, 48 (4th Cir. 1982).

■ The court will begin by analyzing the third and fourth objections together. Plaintiff objects to the Magistrate Judge's conclusion that a private party's misuse of state attachment procedures cannot support a claim under 42 U.S.C. § 1983 and that therefore, plaintiff's first Claim can stand only as a facial challenge to the constitutionality of Virginia's attachment statute, codified at Va. Code Ann. §§ 8.01–533 to 8.01–576.12 (Michie 1950) (amended 1993).

In *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 940, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482, 497 (1981), the Supreme Court stated that when private parties invoke state attachment procedures without grounds to do so, by definition they are not complying with state law and are therefore not acting under color of state law as required for a § 1983 claim. The Magistrate Judge correctly noted that the Fourth Circuit, following *Lugar,* has held that an unlawful invocation of statutory procedures does not constitute action under color of state law as required for a

§ 1983 claim. *Jones v. Poindexter,* 903 F.2d 1006, 1011 (4th Cir.1990). Thus, plaintiff has no cause of action under § 1983 for defendant's alleged illegal use of Virginia attachment procedure.

To the extent plaintiff claims that defendant violated its constitutional rights by invoking Virginia's attachment procedures, plaintiff must be understood to challenge the facial validity of Va.Code §§ 8.01–533 *et seq.*[1] There is no allegation that any state official abused his authority by applying properly invoked attachment procedures in a manner contrary to state law; plaintiff's quarrel therefore is with the statute as written, not as applied. This court adopts the Magistrate Judge's conclusion that plaintiff does not have a cause of action under § 1983 for defendant's alleged misuse of Virginia attachment procedures, but that plaintiff's Claim I can stand only as a constitutional challenge to the facial validity of Virginia's attachment procedures.

■ Plaintiff's first, second and sixth objections focus the court's attention on this question of the constitutionality of Virginia's attachment procedures. The court will undertake the three-part analysis of attachment procedures set forth by the Supreme Court in *Connecticut et al. v. Doehr,* —— U.S. ——, ——, 111 S.Ct. 2105, 2116, 115 L.Ed.2d 1, 18 (1991). The *Doehr* test considers (1) the private interest affected by the prejudgment measure, (2) the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternate safeguards, and (3) the interest of the party seeking the prejudgment remedy, with regard for any ancillary interest the government may have in providing the procedure or forgoing the added burden of greater protection. *Id.*

Regarding the first inquiry, the prejudgment attachment of substantial assets ($75,-177.78 in this case) is certainly of serious concern to any defendant facing litigation.

---

1. The court notes here that *Lugar* held, in the pre-judgment attachment context, that a private party's lawful invocation of procedures which later come under constitutional challenge *does* constitute state action for the purposes of that challenge. 457 U.S. at 942, 102 S.Ct. at 2756, 73

L.Ed.2d at 498–499. The Fourth Circuit has held, in the *post*-judgment attachment context, that a private party's mere invocation of challenged procedures, without more, *does not* transform that party into a state actor. *Jones v. Poindexter,* 903 F.2d at 1011.

Virginia's requirement that the party seeking the attachment must post bond, however, greatly reduces any risk of erroneous deprivation, which is the concern of the second *Doehr* factor. Virginia requires an approved surety or cash bond of equal value to the property sought to be levied, or a bond of double the value of property sought to be seized. Va.Code Ann. § 8.01–537.1 (Michie 1950) (amended 1993). The bond must contain a condition requiring payment of all costs and damages sustained by any person as a result of a wrongful levy or seizure. *Id.* Especially where the property attached is liquid funds (as in the present case), as opposed to real property, the posting of bond assures that any property erroneously taken will be returned. The bond also assures that the party who erroneously sought the attachment has provided funds to compensate for damages resulting from the erroneous deprivation. This substantial risk to the party seeking attachment provides a serious deterrent to bad faith attachment claims. There is still the risk that the temporary deprivation of funds may lead to a harm, such as bankruptcy, for which damages cannot completely compensate; this risk, however, is minimal.

In addition, Virginia directs judges and magistrates to review the application for attachment and issue an attachment only where there is reasonable cause to believe that the grounds for attachment exist. Va. Code § 8.01–540. Virginia also requires the plaintiff seeking attachment to swear out a petition specifying the grounds for attachment and the claim against the defendant. Va.Code § 8.01–537. Every Sheriff or Officer who attaches personal property is directed to issue a summons to the defendant, along with a form to request a hearing on exemption. Va.Code § 8.01–543. Defendants having been given notice, they are entitled to request a hearing to quash the attachment on its merits and shall have such a hearing within ten days of their motion. Va.Code § 8.01–568. Thus, Virginia has extensive precautions against erroneous deprivation of private property under prejudgment attachment. Further precautions designed to make erroneous deprivation even

less likely would pose a much greater burden and expense to Virginia.

Finally, as to the third *Doehr* factor, this court will inquire into the interest of the party seeking the attachment and Virginia's ancillary interest in providing prejudgment attachment procedures. Virginia allows a prejudgment attachment to issue only when exigent circumstances threaten the post-judgment availability of property necessary to satisfy a judgment in the plaintiff's favor. Va.Code § 8.01–534. In such circumstances, the party seeking the attachment has a great interest in preserving the funds which would satisfy that favorable judgment. Virginia has a significant ancillary interest in not allowing an unscrupulous defendant to defraud a prevailing plaintiff by threatening the availability of funds to satisfy the judgment. While Virginia has a similar interest in preserving the property rights of a defendant who has not yet and may never be found liable to the plaintiff, the risk to the defendant's property is minimal because of the bond requirement. The risk if further minimized by Virginia's provision of a post-attachment hearing in which the defendant can quash the attachment upon a showing that the plaintiff is not likely to succeed on the merits of her claim. Va.Code § 8.01–568. Thus both the party seeking the attachment and the Commonwealth have significant interests in a properly obtained attachment.

Before it concludes its analysis under *Doehr,* the court must note, as did the Magistrate Judge, that the Virginia attachment statute contains the very elements—the showing of exigent circumstances chief among them—that were found lacking in the Connecticut scheme that the *Doehr* Court struck down. In fact, the Court approvingly cited the Virginia scheme, along with those of 27 other states and the District of Columbia, as requiring a showing of extraordinary need, posting of bond, and a prompt post-attachment hearing. —— U.S. at ——, ———————, 111 S.Ct. at 2115, 2119–2121, 115 L.Ed.2d at 17, 22–23.

 Nevertheless, plaintiff points to one provision in the Virginia statute (not applicable in this case but considered here because of the facial nature of the challenge) that

may not require the showing of exigency so important to the *Doehr* Court. Plaintiff argues that being a foreign corporation or not being a resident of Virginia, in and of itself, is not an exigent circumstance, but is nonetheless grounds for attachment under Va. Code § 8.01–534, ¶ 1. Plaintiff cites no authority addressing the constitutionality of this provision, and this court will not address that question now. Were this court to find the provision unconstitutional, however, only paragraph 1 of Va.Code § 8.01–534 would be invalidated. This provision stands independent of the remaining provisions and severing it would in no way thwart the overall intent of the Virginia legislature in enacting the legislation. All other grounds upon which an attachment could issue in Virginia clearly call for exigent circumstances.[2]

Having applied the test set forth in *Doehr*, and finding plaintiff's challenge to the statute unpersuasive, this court adopts the Magistrate Judge's conclusion that the Virginia attachment procedures are facially constitutional. Though defendants in general (and plaintiffs in this case) have a great interest in the property attached, the interest of plaintiffs in safeguarding the funds available for a judgment in their favor warrants the minimal risk of erroneous deprivation of property posed by the Virginia attachment procedures. Plaintiff's first, second, and sixth objections are therefore overruled.

■ Plaintiff's seventh objection states generally that infirmities and ambiguities in the statute enabled defendants to abuse the procedure to the detriment of plaintiff. The court notes, however, that its analysis under *Doehr* commands the conclusion that the Virginia attachment statute is as firm and unambiguous as it is constitutionally required to be, given the extensive protection it offers against the prospect of erroneous deprivation. Plaintiff's objection is therefore without merit, and its claim that Virginia's attachment statute is unconstitutional still must fail.

■ Finally, in its fifth objection plaintiff contests the Magistrate Judge's recommendation that this court dismiss plaintiff's remaining state law claims. When supplemental jurisdiction is founded solely upon a federal question and the federal claim is dismissed, this court is free to dismiss the remaining state claims without prejudice to renew them in state court. See 28 U.S.C. § 1367(c)(3). The Magistrate Judge correctly recommended that plaintiff's remaining state law claims be dismissed.

For the foregoing reasons, the Magistrate Judge's Report and Recommendation shall be adopted as modified and plaintiff's Claim I shall be dismissed with prejudice. Plaintiff's remaining state claims shall be dismissed without prejudice to refile them in state court.

An appropriate order shall this day issue.

### ORDER

Upon review of the entire record of the proceedings before the Magistrate Judge in this action, and for the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

that:

1. The Report and Recommendation of the Magistrate Judge, filed June 16, 1993, shall be, and it hereby is, adopted as modified in the accompanying Memorandum Opinion;

2. For the reasons set forth in the Magistrate Judge's Report and Recommendation as modified by the accompanying Memorandum Opinion, plaintiff's Claim I shall be, and it hereby is, dismissed with prejudice;

3. For the reasons set forth in the Magistrate Judge's Report and Recommendation as modified by the accompanying Memorandum Opinion, plaintiff's remaining Claims II, III, IV, V, and VI are dismissed without

---

**2.** The court notes in passing that were it to sever paragraph one, nonresidents and foreign corporations might nevertheless face attachment on a showing of exigent circumstances under any of the remaining provisions. Severance therefore would not create an exemption for such parties in frustration of the statute's purpose.

prejudice to renew them in the appropriate state forum;

4. This action shall be, and it hereby is, stricken from the docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Magistrate Judge Crigler.