**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1883**

ROBERT HOROWITZ; CATHY HOROWITZ,

Plaintiffs - Appellants,

v.

CONTINENTAL CASUALTY COMPANY, d/b/a CNA; ECCLESTON & WOLF;
SELZER GURVITCH RABIN WERTHERIMER POLOTT & OBECNY, PC;
BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District
Judge.  (8:14-cv-03698-DKC)

Submitted:  February 28, 2017          Decided:  March 7, 2017

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John S. Lopatto III, Washington, D.C., for Appellants.  Rachel
T. McGuckian, Rachel A. Shapiro, MILES & STOCKBRIDGE P.C.,
Rockville, Maryland; Kathleen H. Warin, Helyna M. Haussler,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, Baltimore,
Maryland; Karen Ventrell, CNA COVERAGE LITIGATION GROUP,
Washington, D.C.; Shirlie Norris Lake, ECCLESTON & WOLF, P.A.,
Hanover, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Robert Horowitz and Cathy Horowitz commenced this action against three law firms and a malpractice insurance carrier alleging that the Defendants conspired to induce them to execute an illegal settlement agreement arising from a malpractice action brought by the Horowitzes in a Maryland circuit court. The Horowitzes appeal from the district court's order granting the Defendants' motions to dismiss and dismissing their complaint. We affirm.

We decline the Horowitzes' request to declare void a state court judgment entered against them and in favor of Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C. ("Selzer").[1] Under the Rooker-Feldman doctrine,[2] "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). This abstention doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[1] Because the decision of the Court of Special Appeals of Maryland — which is the basis for this request — did not issue until after the district court's final order in this case, the Horowitzes did not present this argument to the district court.

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

proceedings commenced and inviting [federal] court review and rejection of those judgments." Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 319 (4th Cir. 2016) (internal quotation marks omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the Horowitzes lost in state court and are now seeking to attack a judgment that preceded the instant federal action. Accordingly, we will not exercise appellate review over this state court judgment.

The Horowitzes next challenge the district court's application of res judicata and collateral estoppel to bar several of their claims. The district court found that many of the Horowitzes' claims constituted an attempt to relitigate the issue of whether a prior settlement resolving a state court action involving the Horowitzes was legal. This issue was raised and litigated in the prior state court action between Selzer and the Horowitzes, and a final judgment on the merits was entered. Therefore, we agree with the district court that all of the Horowitzes' claims premised on their contention that the settlement was illegal are precluded. See Comptroller of Treasury v. Sci. Applications Int'l Corp., 950 A.2d 766, 772 (Md. 2008) (stating elements of Maryland res judicata); Colandrea v. Wilde Lake Cmty. Assoc., 761 A.2d 899, 909 (Md. 2000) (stating elements of Maryland collateral estoppel).

With respect to the remaining claims, the Horowitzes argue that the complaint properly pleaded causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2012) (FDCPA), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to -204 (LexisNexis 2013) (MCDCA), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 to -501 (LexisNexis 2013) (MCPA), and 42 U.S.C. § 1983 (2012). We review de novo a district court's grant or denial of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, taking the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor. Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 658 (4th Cir. 2016). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under the FDCPA, a plaintiff must allege, among other things, that the defendant was a debt collector, which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §§ 1692a(6), 1692k (2012). The complaint baldly asserted, with no additional factual

4

allegations, that Defendants Continental Casualty Company ("Continental") and Eccleston and Wolf, P.C. ("Eccleston"), regularly acted as debt collectors;[3] this barebones assertion failed to state a claim under the FDCPA. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Horowitzes also sought to plead a violation of Md. Code Ann., Com. Law § 14-202(8), which prohibits a collector from collecting an alleged debt by "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." The complaint explicitly conceded that the Horowitzes were indebted to the law firm that they sued for legal malpractice. Thus, by the Horowitzes' admission, Continental and Eccleston did not attempt to enforce a nonexistent right. Thus, the district court correctly ruled that the complaint did not adequately plead a claim under the MCDCA.

To state a claim under § 1983, the Horowitzes were required to allege that Selzer, acting under color of state law, deprived them of "a right secured by the Constitution or laws of the United States." Thomas v. Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). To

---

[3] The debt collection claims against Selzer and Defendant Bregman, Berbert, Schwartz & Gilday, LLC, were barred by res judicata.

be attributable to the state, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Jones v. Poindexter, 903 F.2d 1006, 1010-11 (4th Cir. 1990) (internal quotation marks omitted) (quoting Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982)). "[W]here a private party and a public official act jointly to produce [a] constitutional violation, both parts of [this] test are simultaneously satisfied." Jackson v. Pantazes, 810 F.2d 426, 429 (4th Cir. 1987).

The complaint alleged that a sheriff's deputy, at the behest of Selzer, advised Robert Horowitz that Selzer would seek a court order to enter the Horowitzes' residence. The Horowitzes characterize this action as a "threat," but, as pleaded, it amounts to nothing more than notice of Selzer's intention to enforce their state court judgment through lawful procedures. Such conduct does not rise to the level of a constitutional deprivation under § 1983.

Finally, we conclude that the district court did not abuse its discretion in denying the Horowitzes' request for a stay or to amend the complaint. Accordingly, the district court's dismissal of the Horowitzes' complaint is affirmed. We dispense

6

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED