## SHAARE TEFILA CONGREGATION ET AL. *v.* COBB ET AL.

No. 85–2156.   Argued February 25, 1987—Decided May 18, 1987

WHITE, J., delivered the opinion for a unanimous Court.

*Patricia A. Brannan* argued the cause for petitioners. With her on the briefs were *David S. Tatel, Joseph M. Hassett, Steven P. Hollman, Irvin N. Shapell,* and *Kevin J. Lipson.*

*Deborah T. Garren* argued the cause for respondents and filed a brief for respondent Remer.   With her on the brief was *Robert B. Barnhouse.**

---

*Briefs of *amici curiae* urging reversal were filed for the State of Maryland by *Stephen H. Sachs,* Attorney General, *Dennis M. Sweeney,* Deputy Attorney General, and *Ralph S. Tyler III* and *C. J. Messerschmidt,* Assistant Attorneys General; for the Anti-Defamation League of B'nai B'rith

JUSTICE WHITE delivered the opinion of the Court.

On November 2, 1982, the outside walls of the synagogue of the Shaare Tefila Congregation in Silver Spring, Maryland, were sprayed with red and black paint and with large anti-Semitic slogans, phrases, and symbols. A few months later, the Congregation and some individual members brought this suit in the Federal District Court, alleging that defendants' desecration of the synagogue had violated 42 U. S. C. §§ 1981, 1982, 1985(3) and the Maryland common law of trespass, nuisance, and intentional infliction of emotional distress. On defendants' motion under Federal Rules of Civil Procedure 12(b)(1) and (6), the District Court dismissed all the claims. The Court of Appeals affirmed in all respects. 785 F. 2d 523 (CA4 1986). Petitioners petitioned for writ of certiorari. We granted the petition, 479 U. S. 812 (1986), and we now reverse the judgment of the Court of Appeals.

Section 1982 guarantees all citizens of the United States, "the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." The section forbids both official and private racially discriminatory interference with property rights, *Jones* v. *Alfred H. Mayer Co.*, 392 U. S. 409 (1968). Petitioners' allegation was that they were deprived of the right to hold property in violation of § 1982 because the defendants were motivated by racial prejudice. They unsuccessfully argued in the District Court and Court of Appeals that Jews are not a racially distinct group, but that defendants' conduct is actionable because they viewed Jews as racially distinct and were motivated by racial prejudice. The

et al. by *Gregg H. Levy, Mitchell F. Dolin, Meyer Eisenberg, David Brody, Edward N. Leavy, Steven M. Freeman, Jill L. Kahn, Robert S. Rifkind, Samuel Rabinove, Richard T. Foltin, Eileen Kaufman, Harold R. Tyler, James Robertson, Norman Redlich, William L. Robinson, Judith A. Winston, Joseph A. Morris,* and *Grover G. Hankins;* and for the American-Arab Anti-Discrimination Committee by *James G. Abourezk.*

Court of Appeals held that § 1982 was not "intended to apply to situations in which a plaintiff is not a member of a racially distinct group but is merely *perceived* to be so by defendants." 785 F. 2d, at 526 (emphasis in original). The Court of Appeals believed that "[b]ecause discrimination against Jews is not racial discrimination," *id.*, at 527, the District Court was correct in dismissing the § 1982 claim.

We agree with the Court of Appeals that a charge of racial discrimination within the meaning of § 1982 cannot be made out by alleging only that the defendants were motivated by racial animus; it is necessary as well to allege that defendants' animus was directed towards the kind of group that Congress intended to protect when it passed the statute. To hold otherwise would unacceptably extend the reach of the statute.

We agree with petitioners, however, that the Court of Appeals erred in holding that Jews cannot state a § 1982 claim against other white defendants. That view rested on the notion that because Jews today are not thought to be members of a separate race, they cannot make out a claim of racial discrimination within the meaning of § 1982. That construction of the section we have today rejected in *Saint Francis College* v. *Al-Khazraji, ante,* p. 604. Our opinion in that case observed that definitions of race when § 1982 was passed were not the same as they are today, *ante,* at 609–613, and concluded that the section was "intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Ante,* at 613. As *Saint Francis* makes clear, the question before us is not whether Jews are considered to be a separate race by today's standards, but whether, at the time § 1982 was adopted, Jews constituted a group of people that Congress intended to protect. It is evident from the legislative history of the section reviewed in *Saint Francis College*, a review that we need not repeat here, that Jews and Arabs were among the peoples then con-

sidered to be distinct races and hence within the protection of the statute. Jews are not foreclosed from stating a cause of action against other members of what today is considered to be part of the Caucasian race.

The judgment of the Court of Appeals is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*