821 F.2d 148
 40 Ed. Law Rep. 106
 Harry N. ZEMSKY, Plaintiff-Appellant,
v.
The CITY OF NEW YORK, the Board of Education of the City of
New York, Victor Vilareal, Alan J. Irgang, John Sisti,
Robert J. Leventhal, Peter Rosenberg, Xavier Francis
Ruggiero, Loftus Novelty and Magic Company, a Corporation,
Doe One, Doe Two, Defendants-Appellees.
 Nos. 855-857, Dockets 86-7614, 86-7616 and 86-7618.
 United States Court of Appeals,
Second Circuit.
 Argued March 3, 1987.
Decided June 12, 1987.
 
 Harry N. Zemsky, pro se.
 Elizabeth Dvorkin, New York City (June A. Witterschein, Doron Gopstein, Acting Corp. Counsel, New York City, of counsel), for defendants-appellees.
 Before OAKES and WINTER, Circuit Judges, and ZAMPANO, Senior District Judge.*
 WINTER, Circuit Judge:
 
 
 1
 Harry Zemsky appeals pro se from Judge Bramwell's order staying certain of his federal claims pending the disposition of related state court proceedings and dismissing the remainder of his federal and state claims. We reverse the stay of certain of his federal civil rights claims against the City of New York, the Board of Education of the City of New York, and five school officials[1] (collectively referred to as "the municipal defendants"). We affirm the dismissal of his remaining claims.BACKGROUND
 
 
 2
 Zemsky is a social studies teacher employed by the Board of Education at the Franklin D. Roosevelt High School in Brooklyn. He claims to have suffered personal injuries as a result of six assaults on him by students at the school between June 1982 and November 1985.[2] His complaint[3] alleges, inter alia, that the municipal defendants refused to discipline the students involved in the assaults, failed to provide adequate security at the school, conspired to conceal evidence relevant to the assaults, defamed and harassed him, and interfered with his performance as a teacher. The complaint contends that these actions violated Zemsky's rights under the United States Constitution and various federal civil rights statutes. Zemsky also asserts federal civil rights claims against a former student who allegedly participated in two of the assaults and state product liability claims against the manufacturer of "disappearing ink" that allegedly was squirted into his eyes during one of the assaults.
 
 
 3
 The municipal defendants moved to dismiss the complaint in its entirety. The district court held that Zemsky had failed to state a claim under 42 U.S.C. Secs. 1981, 1982, 1985, and 1986 (1982), because he had not alleged that the defendants' actions were motivated by racial or class-based animus. In addition, the court dismissed Zemsky's Section 1983 conspiracy claim for lack of specificity and his Section 1983 defamation claim for failure to allege a deprivation of a constitutionally protected liberty or property interest. The court also held that all of Zemsky's Section 1983 claims based on incidents that occurred more than three years before the filing of his complaint were time-barred. Finally, the court dismissed sua sponte all claims against the former student and the "disappearing ink" manufacturer, reasoning that the complaint did not adequately allege any concerted action between these private parties and persons acting under color of state law.
 
 
 4
 The district court held that Zemsky had stated a viable Section 1983 claim against the municipal defendants for deprivation of his liberty interest in freedom from bodily harm. The court stayed consideration of this claim, however, pending the resolution of a similar action brought by Zemsky in New York Supreme Court, Kings County, against the City of New York and the Board of Education.
 
 DISCUSSION
 
 5
 * We turn first to the district court's dismissal of Zemsky's claims against the municipal defendants under 42 U.S.C. Secs. 1981, 1982, 1985, and 1986.
 
 
 6
 A plaintiff states a viable cause of action under Section 1981 or 1982 only by alleging a deprivation of his rights on account of his race, ancestry, or ethnic characteristics. Saint Francis College v. Al-Khazraji, --- U.S. ----, ----, 107 S.Ct. 2022, ----, 95 L.Ed.2d 582 (1987) (Sec. 1981); Shaare Tefila Congregation v. Cobb, --- U.S. ----, ----, 107 S.Ct. 2019, ----, 95 L.Ed.2d 594 (1987) (Sec. 1982); Runyon v. McCrary, 427 U.S. 160, 167-68, 96 S.Ct. 2586, 2592-93, 49 L.Ed.2d 415 (1976) (Sec. 1981); Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968) (Sec. 1982); Keating v. Carey, 706 F.2d 377, 383-84 (2d Cir.1983) (Sec. 1981); Glover v. Tower, 700 F.2d 556, 558 (9th Cir.1983) (Secs. 1981, 1982), aff'd on other grounds, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984); Landrigan v. City of Warwick, 628 F.2d 736, 739 n. 1 (1st Cir.1980) (Sec. 1981); DeFrank v. Pawlosky, 480 F.Supp. 115, 118 & n. 9 (W.D.Pa.1979) (Secs. 1981, 1982), aff'd mem., 633 F.2d 209 (3d Cir.1980). A plaintiff states a viable cause of action under Section 1985[4] or 1986 only by alleging a deprivation of his rights on account of his membership in a particular class of individuals. United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825, 834-35, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983) (Sec. 1985(3)); Lowe v. Letsinger, 772 F.2d 308, 311 (7th Cir.1985) (Sec. 1985(2), (3)); Glover, 700 F.2d at 558 (Sec. 1985(3)); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981) (Secs. 1985(3), 1986); Landrigan, 628 F.2d at 739 n. 1 (Secs. 1985(3), 1986); DeFrank, 480 F.Supp. at 118 & n. 9 (Secs. 1985(3), 1986).
 
 
 7
 Because Zemsky did not allege that he was deprived of his rights as a result of any racial, ethnic, or class-based animus on the part of the defendants, the district court did not err in dismissing his claims under Sections 1981, 1982, 1985, and 1986.
 
 II
 
 8
 We turn next to the dismissal of certain of Zemsky's claims against the municipal defendants under 42 U.S.C. Sec. 1983.
 
 
 9
 The district court dismissed Zemsky's claims that the defendants had conspired to suppress evidence in connection with his state court action on the ground that the complaint "fails to state, with any degree of particularity, the purpose of or any overt acts perpetrated by defendants which reasonably relate to the claimed conspiracies." We have previously held that a pro se complaint "containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.) (per curiam), cert. denied, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983). We agree that Zemsky's conspiracy claims are so "vague and unsupported by description of particular overt acts," id., as to have warranted their dismissal by the district court.
 
 
 10
 The district court also dismissed Zemsky's Section 1983 claims arising out of allegedly defamatory statements by the municipal defendants. The Supreme Court has held that an individual whose reputation is injured by the remarks of a public official, but who suffers no resultant "tangible" injury such as loss of employment as a result of the defamation, is not deprived of a liberty or property interest protected by the due process clause. Paul v. Davis, 424 U.S. 693, 699-710, 96 S.Ct. 1155, 1159-64, 47 L.Ed.2d 405 (1976). Zemsky does not contend that the defendants' allegedly defamatory statements caused him to suffer any such tangible injury. Accordingly, the district court was correct in dismissing his Section 1983 claims of defamation.
 
 
 11
 The district court dismissed as time-barred Zemsky's Section 1983 claims involving incidents that occurred more than three years before the commencement of this action. This was also correct. See Okure v. Owens, 816 F.2d 45 (2d Cir.1987).
 
 III
 
 12
 The district court on its own motion dismissed all claims against Victor Vilareal, the former student who allegedly committed two of the assaults, and Loftus Novelty and Magic Company, the manufacturer of the "disappering ink" allegedly used in one of the assaults.
 
 
 13
 A person who is not a government official or employee acts act under color of state law for purposes of Section 1983 when "he has acted together with or has obtained significant aid from state officials" or has similarly engaged in conduct attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). See also Blum v. Yaretsky, 457 U.S. 991, 1003, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982) (liability of private party turns on "whether his conduct has sufficiently received the imprimatur of the State so as to make it 'state' action for purposes of the Fourteenth Amendment"). The complaint does not allege that Loftus Novelty acted in concert with or received any significant assistance from the municipal defendants. Furthermore, the complaint makes only vague and conclusory allegations as to any relationship between Vilareal and the municipal defendants. The district court therefore did not err in dismissing Zemsky's Section 1983 claims against the two private defendants.
 
 
 14
 We also conclude that the district court properly dismissed Zemsky's state law product liability claims against Loftus Novelty. The company's alleged failure to warn can hardly have been a cause of the assault during which the disappearing ink was thrown in Zemsky's eyes. Other allegations concerning Loftus' answers to inquiries about its product are so vague and conclusory as to a causal connection with the harms allegedly suffered by Zemsky that they must be dismissed.
 
 IV
 
 15
 The district court relied upon Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in staying consideration of Zemsky's remaining Section 1983 claims against the municipal defendants. In Colorado River, the Supreme Court recognized that, while "the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction,' " id. at 817, 96 S.Ct. at 1246 (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910)), "exceptional" circumstances may on occasion "permit[ ] the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." Id. at 818, 96 S.Ct. at 1246. See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 14-16, 103 S.Ct. 927, 936-37, 74 L.Ed.2d 765 (1983).
 
 
 16
 We have previously noted that Colorado River and Cone identify six factors to be considered in assessing whether such exceptional circumstances exist as to warrant a stay or dismissal[5] of a federal action in favor of a concurrent state action:
 
 
 17
 the assumption by either [the federal or the state] court of jurisdiction over any res or property, the inconvenience of the federal forum, the avoidance of piecemeal litigation, ... the order in which jurisdiction was obtained[,] ... whether state or federal law supplies the rule of decision, and whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.
 
 
 18
 Bethlehem Contracting Co. v. Lehrer/McGovern Inc., 800 F.2d 325, 327 (2d Cir.1986). We have also taken note of the Court's admonition that the decision whether to exercise jurisdiction in such circumstances "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Id. (quoting Cone, 460 U.S. at 16, 103 S.Ct. at 937) (emphasis added).
 
 
 19
 Three of the six factors set forth in Colorado River and Cone obviously offer no support for the decision to stay Zemsky's Section 1983 claims. First, neither the state court nor the federal court has assumed jurisdiction over any res or property relevant to this litigation. Second, because both the federal court and the state court are located in Brooklyn, the former is no less convenient to the litigants than the latter. Third, federal law rather than state law provides the rule of decision for Zemsky's Section 1983 claims.
 
 
 20
 The remaining factors identified in Colorado River and Cone are insufficient to overcome "the heavy presumption favoring the exercise of jurisdiction." Id. First, in this case, as in Bethlehem Contracting, there is not an identity of defendants in the state and federal actions because the individual school officials are not parties to the state action. Accordingly, staying the federal action does not necessarily avoid piecemeal litigation. See id. at 328.
 
 
 21
 Second, with regard to the order in which jurisdiction was obtained, the Supreme Court has emphasized that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Cone, 460 U.S. at 21, 103 S.Ct. at 940. The district court found that the state action was farther advanced than the federal action because "the State Court litigation has been in progress for almost two years and discovery has steadily progressed." However, as the municipal defendants acknowledge on appeal, the state litigation has not proceeded beyond the noticing of discovery demands. See Brief for Appellees at 10 & n. 6. There is no indication that there has been any response to any such demands. It thus appears that the state litigation has not progressed appreciably farther than the federal litigation.
 
 
 22
 Finally, while the district court found that the state proceeding would adequately protect Zemsky's rights, we have held that this factor is significant only if it militates in favor of federal jurisdiction. See Bethlehem Contracting, 800 F.2d at 328. It is thus of little weight here. Furthermore, the state proceeding might not adequately protect Zemsky's rights against those individuals who are parties only to the federal proceeding. See id. at 328-29.
 
 
 23
 In sum, only one of the factors identified in Colorado River and Cone --the relative but quite modest progress of the state court action--offers even a modicum of support for the district court's stay of the instant litigation. Balancing this factor against the five remaining factors, each of which either favors the exercise of federal jurisdiction or is essentially neutral, "with the balance heavily weighted in favor of the exercise of jurisdiction," Cone, 460 U.S. at 16, 103 S.Ct. 937, we conclude that the district court abused its discretion in staying this action.
 
 
 24
 Accordingly, we reverse so much of the district court's order as stayed Zemsky's remaining Section 1983 claims against the municipal defendants. The case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Robert C. Zampano, Senior United States District Judge for the District of Connecticut, sitting by designation
 
 
 [1]
 Defendant Alan J. Irgang is principal of Franklin D. Roosevelt High School. Defendants John Sisti and Robert J. Leventhal are assistant principals, and defendants Peter Rosenberg and Xavier Francis Ruggiero are deans
 
 
 [2]
 Zemsky asserts that defendant Victor Vilareal threw a liquid in his eyes on June 7, 1982, and squirted "disappearing ink" in his eyes on January 10, 1983; that another student threw a "hard object" at his head on December 13, 1983; that a student shot a liquid at his face from a water gun on June 11, 1985; that a student "assaulted" him on September 1, 1985; and that two students threw a stink bomb into his classroom on November 22, 1985
 
 
 [3]
 Zemsky filed substantially similar complaints in three separate actions brought in the Eastern District of New York. The district court consolidated the actions on its own motion pursuant to Fed.R.Civ.P. 42(a)
 
 
 [4]
 The first clause of Section 1985(2), which prohibits conspiracy to interfere with federal court proceedings, does not require a showing of class-based discrimination. Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). However, Zemsky has not alleged that the defendants conspired to interfere with any federal proceeding
 
 
 [5]
 The Supreme Court has rejected any distinction between a stay of federal litigation and an outright dismissal for purposes of the exceptional circumstances test. See Cone, 460 U.S. at 27-28, 103 S.Ct. at 942-43