**Braden L. ALBERT, Francis J. Callard, Julie L. Jones, Gur Melamede, Molly Mysliwiec, Demetri Orlando, Michelle Paninos, Cathleen Perry, Amy Rozgonyi, Gregory Shin, Michael Tilman, and Johnette Traill, Appellants,**

v.

**J. Martin CAROVANO, President of Hamilton College; Jane L. Jervis, Dean of Students at Hamilton College; and Hamilton College, Appellees.**

No. 87–7111.

United States Court of Appeals, Second Circuit.

Sept. 22, 1987.

Order Sept. 23, 1987.

## ORDER ON PETITION FOR REHEARING

In respect to the third cause of action alleged in the complaint, we are in accord with Judge Winter that 42 U.S.C. § 1981 is directed toward racial or ethnic discrimination. *See St. Francis College v. Al-Khazraji*, —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Shaare Tefila Congregation v. Cobb*, —— U.S. ——, 107 S.Ct. 2019 (1987); *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir.1987). We also agree that section 1981 does not cover discrimination based on sexual orientation or on relationships to college alumni or on the content of all protests. But, while not artfully pleaded, as we view the complaint insofar as it alleges discrimination against blacks or Latins or against white persons suffering reprisal as a result of efforts to vindicate the rights of nonwhites, *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311–12 (2d Cir.), *modified on other grounds*, 520 F.2d 409 (1975), it is sufficient. True, as our original opinion noted,

824 F.2d 1333, 1341, the complaint must contain more than mere "naked assertions." *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978). This complaint, by virtue of reallegation in Paragraph 34 of earlier allegations of the complaint, alleges (Paragraph 7) "repeated expressions of racist ... prejudice on the Hamilton College [campus], including racial slurs directed to black women students and death threats directed at one black woman student" and refers (Paragraph 9) to *"racism,* sexism and other forms of prejudice at Hamilton" (emphasis added) and that certain events scheduled at the college as well as the remarks of the defendant Caravano were "insensitive and offensive to *blacks* and women" (emphasis added). It is in light of these allegations that Paragraph 35 alleges selective enforcement of the college rules on student conduct against plaintiffs because of their criticisms of *racism,* sexism, and other prejudices at Hamilton and "the Administration's indifference to and toleration of such prejudice and because they are *black, Latin* or gay; *supportive of the rights of blacks, Latins* and gays and without old family ties to Hamilton" (emphasis added). Paragraph 36 spells out why the college rules on student conduct were being selectively enforced since it alleges that the defendants failed to discipline or even admonish white students who insulted, harassed, and threatened students engaged in lawful protest against college policy on continued investment in South Africa; failed to discipline or investigate students who made derogatory racial and sexual slurs to black women students; and only reluctantly and belatedly undertook an investigation of death threats against a black woman student active in protesting the college's South African policy.

It would be preferable on remand were leave to amend the complaint granted so as to focus on permissible section 1981 claims. The complaint, filed November 26, 1986, was dismissed on December 23 after receipt of exhibits, affidavits, and an evidentiary hearing in a brief oral opinion, the court simply noting that "[i]nsofar as the Court is concerned, the third claim does not plead a 1981 claim. At best, if anything it pleads a 1983 claim." Thus its holding that there was no state action ended the matter. The December 24 order dismissing the complaint, we note, did not afford plaintiffs the opportunity to replead.