27 F.3d 507
 65 Fair Empl.Prac.Cas. (BNA) 674,
65 Empl. Prac. Dec. P 43,214
Ernesto G. DONAIRE, M.D. and Ernesto G. Donaire, M.D., P.A.,
Plaintiffs-Appellants,
v.
NME HOSPITAL, INC., d/b/a Seven Rivers Community Hospital;
Michael Heindel; Donald Heindel, M.D.,
Defendants-Appellees.
Ernesto G. DONAIRE, M.D., Plaintiff-Appellee,
v.
NME HOSPITAL, INC., d/b/a Seven Rivers Community Hospital,
Michael Heindel, Donald Heindel, Defendants-Appellants.
 Nos. 92-2653, 92-2845.
 United States Court of Appeals,
Eleventh Circuit.
 July 28, 1994.
 
 Robert E. Austin, Jr., Carla R. Pepperman, Austin & Pepperman, Leesburg, FL, Hal K. Litchford, Litchford, Christopher & Ruta, Orlando, FL, for appellants in 92-2653.
 Jonathan L. Diesenhaus, Patrick M. Sheller, Richard A. Feinstein, McKenna & Cuneo, Washington, DC, C. Gary Williams, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, FL, for appellees in 92-2653.
 Karen M. Moran, EEOC, OGC/Appellate Services, Washington, DC, amicus for EEOC.
 Terry E. Allbritton, Appellate Advocacy Program, Kenneth J. Servay, New Orleans, LA, amicus for ACLU Foundation of Florida, Inc.
 William Tamayo, Asian Law Caucus, Inc., San Francisco, CA, for amicus.
 Layton Ernest Olson, Chicago, IL, for American College of Int'l Physicians Inc. & Liberty for Am. Minority Physicians Inc.
 Patrick M. Sheller, Richard Feinstein, Jonathan L. Diesenhaus, McKenna & Cuneo, Washington, DC, for appellants in 92-2845.
 Robert E. Austin, Jr., Leesburg, FL, for appellee in 92-2845.
 Appeals from the United States District Court for the Northern District of Florida.
 Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and RONEY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case which asserts employment discrimination based upon plaintiff's Philippine birth and ancestry, we affirm the summary judgment for the defendants. In doing so, we reject the notion of the district court that Filipinos are not a protected class, but accept the alternative decision that the record does not show that defendants discriminated against plaintiff because of his race.
 
 
 2
 After his contract as anesthesiologist for Seven Rivers Community Hospital was terminated, plaintiff Ernesto G. Donaire brought this suit against NME Hospitals, Inc., d/b/a Seven Rivers Community Hospital, the hospital's administrator, and the hospital's director of anesthesia. As amended, Dr. Donaire's complaint alleged claims under 42 U.S.C. Sec. 1981 (1981) and 42 U.S.C. Sec. 1985(3) (1981) against all three defendants, as well as pendent state law claims for tortious interference with business relations, injunctive relief, and breach of contract against the corporate defendant only.
 
 
 3
 The district court granted defendants' motions for summary judgment on the federal law claims and dismissed the remaining state law claims. We review the district court's grant of summary judgment de novo.
 
 
 4
 Dr. Donaire was born in the Philippines to Filipino parents. In January 1979, he entered into a contract with Seven Rivers Hospital to provide anesthesia services. The contract was renewed annually and permitted termination without cause. Although each contract required that Dr. Donaire be certified by the American Board of Anesthesiology, at no time during his employment with the hospital did Dr. Donaire become board certified.
 
 
 5
 In 1987, the hospital's administrator, Michael Heindel ("Heindel"), began interviewing candidates for a full-time anesthesiologist position at the hospital. He persuaded his brother, Dr. Donald Heindel ("Dr. Heindel"), to practice anesthesia for two weeks on a temporary basis. Dr. Heindel was not inclined to move from Crystal River to join the hospital staff, but was eventually persuaded to do so by his wife and brother.
 
 
 6
 Thus, beginning in July 1987, both Dr. Heindel and Dr. Donaire provided anesthesia services to the hospital. Dr. Heindel became board certified in October 1987, and shortly thereafter was named director of anesthesia.
 
 
 7
 Dr. Donaire never did become board certified. The American Society of Anesthesiologists requires all candidates for certification to satisfy a written examination requirement within four years of the date of the first examination for which the physician is eligible to appear. Dr. Donaire was first eligible in July 1984, and thus was required to complete the exam before July 1988. Dr. Donaire was excused from the exam in 1984, failed the exam in 1985, and was excused again in 1986. His final opportunity to satisfy the requirement was unsuccessful, and he was notified that his third application was declared void. Once his application was declared void, he was required to take and pass an "in-service" exam in order to qualify for admission through another application. He did not re-establish his qualifications by December 15, 1988, and thus his fourth application was rejected.
 
 
 8
 In the fall of 1988, the volume of surgery being performed at the hospital was so great that the hospital considered granting an exclusive contract to Dr. Heindel. At that time, such contracts were already in place in the pathology, emergency, and radiology departments. Dr. Heindel was given the contract. In January 1989, Dr. Donaire's contract was terminated effective May 15, 1989.
 
 
 9
 It is apparent from these facts, and the other uncontradicted evidence before the district court, that Dr. Donaire was not refused the position because he was a Filipino, foreign born, a "foreign ethnic" or of "foreign ancestry." His claim of discrimination is additionally refuted by the fact that Dr. Heindel offered Dr. Donaire a contract whereby Dr. Donaire would receive $70,000 for six months, including time off to study for the exams that he still needed to pass. Dr. Heindel told him that if he passed the exams, he would make him a partner. Dr. Donaire refused the offer, and as a result of the operation of the hospital's exclusive contract with Dr. Heindel, Dr. Donaire was unable to use the hospital's facilities.
 
 
 10
 The issue that has caught the attention of several organizations that have appeared as amicus curiae in this appeal need not be addressed. The district court had difficulty with the claim that the hospital discriminated against "foreign-born" physicians, and proffered evidence concerning a preference for "American" physicians. It found "that there is no such class as 'foreign ethnic' and/or 'foreign ancestry' individuals that are protected under Sec. 1981." It held that "[t]he plaintiff furnished no evidence that Filipinos constitute a protected class under Sec. 1981." We reject the conclusion that Filipinos cannot be a protected class under Sec. 1981.
 
 
 11
 Plaintiff's allegation that he or she was subjected to intentional discrimination because of his or her "ancestry or ethnic characteristics" satisfies the pleading requirements of section 1981. Saint Francis College v. Al Khazraji, 481 U.S. 604, 613, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987) (holding that plaintiff could maintain an action under section 1981 for racial discrimination based on plaintiff's status as an Arab). See also Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 617-18, 107 S.Ct. 2019, 2021-22, 95 L.Ed.2d 594 (1987) (individual may maintain section 1981 claim based on individual's status as a Jewish person); Malhotra v. Cotter & Co., 885 F.2d 1305, 1308 (7th Cir.1989) (section 1981 redresses intentional discrimination because of Indian ancestry); MacDissi v. Valmont Indus., 856 F.2d 1054, 1060 (8th Cir.1988) (plaintiff stated viable section 1981 claim by alleging intentional discrimination based on Lebanese descent). These cases tend to support the view that Filipinos can be a protected class.
 
 
 12
 This decision need not rest on these questionable conclusions of the district court, driven by the way in which the case was presented in the trial court. Treating the case as one claiming discrimination against Dr. Donaire because of his Philippine ancestry, we conclude, as did the district court, that he has failed to support that claim. It is not at all necessary to consider the effect on his claim, if any, of evidence of discrimination against persons of foreign birth, ethnicity, or ancestry, other than Filipinos. The decisions made about Dr. Donaire's employment were not based on those factors and thus would not violate the mandates of 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 1985(3). In summary, the plaintiff is defeated by the facts, not an interpretation of the law.
 
 
 13
 This decision bears no reflection upon what state claims the plaintiff might have. The three counts alleging state claims were initially remanded to the state court, and later dismissed without prejudice.
 
 
 14
 The defendants cross-appeal the district court's denial of their motion for attorney's fees pursuant to 42 U.S.C. Sec. 1988 and sanctions pursuant to Rule 11, Federal Rules of Civil Procedure. The district court did not abuse its discretion in denying defendants' motion.
 
 
 15
 AFFIRMED.