**Milton FALERO SANTIAGO, Plaintiff,**

v.

**STRYKER CORPORATION, Defendant.**

Civil No. 95–1781(PG).

United States District Court,
D. Puerto Rico.

June 25, 1998.

Silvia Del–Rosario, Hato Rey, PR, for Plaintiff.

Alfredo M. Hopgood–Jovet, San Juan, PR, for Defendant.

### *OPINION AND ORDER*

PEREZ–GIMENEZ, District Judge.

Plaintiff, Milton Falero ("Falero") filed the present Title VII action against Stryker Corporation ("Stryker") requesting reinstatement and damages for alleged discrimination on the basis of his national origin and color. *See* 42 U.S.C. § 2000e–2. Plaintiff also invoked this Court's supplemental jurisdiction over his state law claims under Act No. 100

of June 30, 1959, P.R.Laws Ann. tit 29, § 146 (1985), and Act. No. 80 of May 30, 1976, P.R.Laws Ann. tit 29, § 185(a), *See* 28 U.S.C. § 1367. Before the Court are defendant's motion for summary judgment (Dkt.# 26), plaintiff's opposition thereto (Dkt.# 28), and defendant's reply (Dkt.# 30).

## I. STANDARD

Under the Federal Rules of Civil Procedure, a summary judgment motion should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "To defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting 'enough competent evidence to enable a finding favorable to the nonmoving party.'" *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 842 (1st Cir.1993) (quoting *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993)).

When the nonmoving party has the burden of proof at trial, it may not rest upon mere conclusory allegations, improbable inference, unsupported speculation or denials in its pleading. Instead, it must set forth specific facts which arise from definite and competent evidence to establish the existence of a genuine issue for trial. *See Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Wynne v. Tufts Univ. School of Medicine*, 976 F.2d 791, 794 (1st Cir.1992); *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir.1991).

## II. DISCUSSION

Defendant argues in its motion and memorandum that (1) Falero failed to establish a prima facie case of disparate treatment based on color and national origin; (2) Stryker had justified, non discriminatory reasons to discharge Falero; and (3) Falero failed to establish that but for his color and national origin Stryker would not have terminated his employment. Defendant further argues that in the absence of a valid federal claim this Court should decline the exercise of supple-

mental jurisdiction over plaintiff's remaining state claims.

### A. *Step One: The Prima Facie Case*

▉ Absent direct evidence of discrimination plaintiff must employ the familiar burden-shifting method enunciated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996). In the first instance, plaintiff bears the initial burden of establishing a prima facie case of Title VII discrimination. *See McDonnell Douglas, supra*, 411 U.S. at 802, 93 S.Ct. 1817. In other words, Falero must show that (1) he was within a protected class; (2) he was qualified to perform his duties; (3) he was terminated; and (4) he was replaced by a person not within the protected class. *See Mulero–Rodriguez, supra*, at 673. The burden then shifts to Stryker to produce a valid and non-discriminatory reason for the dismissal. "The employer need only produce enough competent evidence, *taken as true*, to enable a rational factfinder to conclude that there existed a nondiscriminatory reason for the challenged employment action." *Ruiz v. Posadas de San Juan Assoc.*, 124 F.3d 243, 248 (1st Cir.1997). *See also Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 9 (1st Cir.1990). Lastly, the burden shifts back to the plaintiff to show that Stryker's stated reason is but a mere pretext for discrimination. This, in turn, requires that Falero proffer enough competent evidence to support *two* separate findings: that Stryker's reason was pretextual *and* that its true motive was discrimination on the basis of color and national origin. *See Posadas de San Juan, supra*, at 248; *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 16 (1st Cir.1994); *Woods v. Friction Materials*, 30 F.3d 255, 260–61 (1st Cir.1994).

Defendant contends that plaintiff failed to establish the second and fourth elements of his prima facie case.

### 1. The "Qualified" Prong

▉ In order to satisfy the "qualified" prong of the prima facie case, First Circuit jurisprudence requires that plaintiff bring forth evidence sufficient to show that "he was doing his job well-enough to rule out the

possibility that he was fired for inadequate job performance, absolute or relative." *Loeb v. Textron, Inc.* 600 F.2d 1003, 1013 (1st Cir.1979). *See also Menard v. First Sec. Services Corp.*, 848 F.2d 281, 285 (1st Cir. 1988). Defendant argues that there is evidence in the record demonstrating that Falero's performance was not fulfilling Stryker's expectations. Plaintiff's burden of production, however, is not onerous. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 15 & n. 4 (1st Cir.1994); *Mesnick v. General Elec. Co.*, 950 F.2d 816, 823 (1st Cir.1991). The First Circuit Court of Appeals has interpreted the "qualified" requirement "to mean that [the Plaintiff's] job performance at the time of [his] discharge was adequate to meet [the employer's legitimate needs]." *Smith, supra*, at 15 (citing *Keisling v. SER–Jobs for Progress, Inc.*, 19 F.3d 755, 760 (1st Cir.1994)).

■ Plaintiff's argument fails to consider the burden-shifting structure of *McDonnell Douglas*, and echoes the failed argument proffered by the defendants in *Keisling*. Defendants in that case argued that plaintiff had failed to satisfy her prima facie case because she had not overcome defendants' evidence that her job performance was inadequate at the time of her discharge. The Court then explained the difference between failing carry the *burden of production* at the prima facie stage and failing to carry the *burden of persuasion*. *See Keisling, supra*, at 761. The First Circuit Court of Appeals has repeatedly held that evidence of increased responsibility over time, positive feedback and pay increase—even if it does not extend right up to the time of discharge—satisfies the "qualified" element of plaintiff's prima facie case. *See Smith, supra*, at 15 n. 4; *Keisling, supra*, at 760. Plaintiff in this case has proffered performance appraisals for 1992 and 1993 which describe a performance ranging from effective to excellent and describe him as "performing very well" and "doing a very good job." (Def.'s Opp., Exh. 3 & 4) The Court concludes this is enough to satisfy the qualified element of the prima facie case.

### 2. The "Replaced" Prong

■ Defendant next contends that plaintiff has not established that he was replaced by someone not within the protected class. It argues that Falero's position has not been filled by anyone, but nevertheless admits that one of Falero's areas was reassigned to another employee, Rigoberto Cabrera, who is Puerto Rican like Falero. Plaintiff retorts by saying that, while it is true that Cabrera is Puerto Rican, his skin color, unlike Falero's, is white.

Plaintiff complains of discrimination on the basis of national origin *and* color. In *Franceschi v. Hyatt Corp.*, 782 F.Supp. 712, (D.P.R.1992) this Court refused to engage in a "patronizing discourse" over the pshysiognomic, social and cultural characteristics that defined Puerto Ricans as a distinct race or ethnic group. Instead, it stated that due to Puerto Rico's rich heritage, there were Puerto Ricans of all colors, sizes and ethnic backgrounds and "to conclude that Puerto Ricans, as a race, admit of a definition of white, is to ignore the obvious." *Id.* Falero describes himself as a darker-skinned, or mulatto, Puerto Rican. (Pl.'s Opp'n, at 5) Cabrera's skin color, on the other hand, is admittedly white. (Pl.'s Opp'n, Exh. 5) The fact that Cabrera skin is of a different color places him outside Falero's protected class, and is enough to satisfy the fourth element of plaintiff's prima facie case. Regardless of his "Puerto Ricanness," plaintiff has made out a prima facie case of discrimination on the basis of color. As the Court in *Felix v. Marques*, 24 EPD ¶ 31,279 (D.D.C.1980), explained: "Color may be a rare claim, because color is usually mixed with or subordinated to claims of race discrimination, but considering the mixture of races and ancestral national origins in Puerto Rico, color may be the most practical claim to present." *Id. See also Walker v. Secretary of Treasury, IRS*, 713 F.Supp. 403, 406–07 (N.D.Ga.1989) (noting that "discrimination against an individual because such individual comes from a racially mixed heritage" was of particular relevance).

Additionally, the Court would like to note that it recognized in *Franceschi* the problem of double discrimination—that is, discrimina-

tion based on more than one ground. *See Franceschi, supra,* at 719. The Court cited to the Supreme Court decision in *Shaare Tefila Congregation v. Cobb,* 481 U.S. 615, 107 S.Ct. 2019, 95 L.Ed.2d 594 (1987) and the Sixth Circuit Court of Appeals' *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir.1973) as cases recognizing that persons of Jewish descent could be the subject of "intertwined racial and religious discrimination" under § 1981. *Franceschi, supra,* at 719. Since this case presents allegations of intertwined national origin and color discrimination under Title VII, and given that Title VII explicitly affords protection against *both* national origin *and* color discrimination, the same reasoning would apply here.

### B. Step Two: Defendant's Nondiscriminatory Reason

Stage two of the *McDonnell Douglas* framework requires that defendant articulate a legitimate nondiscriminatory reason for plaintiff's discharge in order to destroy the inference of discrimination created by the prima facie case. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Smith v. Stratus Computer,* 40 F.3d 11, 16 (1st Cir. 1994). "The employer's burden at this stage is one of production; the burden of persuasion remains plaintiff's at all times." *Lawrence v. Northrop Corp.* 980 F.2d 66, 69 (1st Cir.1992). What this means is that "the defendant need not persuade the court that it was actually motivated by the proffered reasons." *Burdine, supra,* at 450 U.S. at 254, 101 S.Ct. 1089.

In rebutting Falero's claim, Stryker advanced several nondiscriminatory reasons for his discharge. First, defendant contends that Falero's discharge was the result of his failure to adapt to the reorganization of Stryker's operation in Puerto Rico. Defendant explained that in 1992 Stryker implemented a sales system where the Sales Director was required to develop and expand various markets within the assigned territories. Once the markets within the assigned territories are expanded, they are reassigned to other employees to further develop them in a more focused manner. (Def.'s Mot.

Summ. J., Exh. x, at ¶ 5, 7) In order to ensure the effectiveness of this sales system, the Sales Director has to continue meeting his quotas and developing new markets in his territory regardless of whether or not already developed ones are reassigned to other employees. *See id.* Falero failed to meet the quotas that were expected of him.

Defendant also argues that Falero's dismissal responded to performance related problems. According to Stryker, Falero did not comply with established policies and procedures. He did not follow his supervisor's instructions and failed to keep him informed of work-related activities as requested. Moreover, he was insubordinate and belligerent towards his superiors (Def.'s Mot. Summ. J., Exh. iv, v, vii, viii(a), viii(b) and ix).

In his opposition, plaintiff argued Stryker's failure to articulate a legitimate nondiscriminatory reasons by challenging them as unfounded and incorrect. However, plaintiff is mistaken when he argues that Stryker has not proven his failure to adapt to the new sales system or his poor performance and insubordination. As explained above, the employer's burden is one of production only, the burden of persuasion remains with plaintiff at all times. *See Burdine, supra,* at 255–56, 101 S.Ct. 1089. Defendant does not have to *prove* anything, it is sufficient that its articulated reason raise a genuine issue of fact as to whether it discriminated against plaintiff. *See id.* at 254, 101 S.Ct. 1089. The Court finds that Stryker's reasons sufficiently satisfy its burden of production within the *McDonnell Douglas* framework.

### C. Step Three: Evidence of Pretext

After the first two steps of *McDonnell Douglas* have been satisfied, it is incumbent upon plaintiff to show that the employer's proffered nondiscriminatory reason is pretextual. "In the context of a summary judgment proceeding, [*St. Mary's Honor Ctr. v.]* Hicks [509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)] requires that, once the employer has advanced a legitimate, nondiscriminatory reason for its adverse employment position, the plaintiff, before becoming entitled to bring the case before the trier of fact, must show evidence sufficient for the

factfinder reasonably to conclude that the employer's decision to discharge him ... was wrongfully based [on color]." *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 843 (1st Cir.1993). *See also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). As explained above, Falero must do more than cast doubt on Stryker's nondiscriminatory reason, he must show that the real reason behind his discharge was discriminatory. "[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Hicks, supra*, at 515, 113 S.Ct. 2742. *See also Hidalgo v. Overseas Condado Ins. Agencies Inc.*, 120 F.3d 328, 337 (1st Cir.1997); *Smith, supra*, at 16 (holding that the district court correctly interpreted *Hicks* when it ruled that plaintiff had to adduce evidence sufficient to support a finding of the employer's stated reason was not only a pretext, but that it was a pretext for illegal discrimination). At this stage, "the *facts* that comprised plaintiff's prima facie case may be considered, but the inference of discrimination originally attributable to those facts no longer pertains." *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 720 (1st Cir.1994). "The plaintiff may rely on the same evidence to prove pretext and discrimination, but the evidence must be sufficient for a reasonable factfinder to infer that the employer's decision was motivated by discriminatory animus." *Smith*, 40 F.3d at 16.

■ Plaintiff does not deny his failure to meet his development quotas. Instead, he offers reasons to justify his failure. He argues that management set projections so high that many employees were unable to meet their quotas. He also blames his failure on the fact that the company kept reassigning the development markets from his territory. He contends that while his evaluations highlighted the areas he needed to improve, his performance was never described as deficient. He charges that Stryker's support for its allegations of Falero having performance problems are taken out of context,

and that, when looking at the evaluations in their entirety, his overall assessment was always good. He protests that several other employees who had overall performance records that were inferior to his were not terminated.[1] All in all, Falero's argument is nothing more than an attempt to point out and emphasize the areas where he performed well over the ones where he did not.

Plaintiff must remember that at this stage of the *McDonnell Douglas* paradigm he is not assisted by a presumption of discrimination. That is, "the factual inquiry [has proceeded] to a new level of specificity." *Burdine, supra*, 450 U.S. at 255, 101 S.Ct. 1089. Falero's evidence of pretext is, at most, circumstantial and, even when taken in the light most favorable to Falero's claim, fails to demonstrate that Stryker's asserted reasons are pretextual. The Court cannot second guess the business decisions of an employer, or impose its subjective judgment on which characteristics Stryker should have weighted more than others when evaluating Falero's performance. *See Connell v. Bank of Boston*, 924 F.2d 1169, 1172 (1st Cir.1991); *Rossy v. Roche Prod.*, 880 F.2d 621, 625 (1st Cir.1989).

■ Nevertheless, even if this Court were to assume *arguendo* that plaintiff's evidence is enough to establish pretext, plaintiff still fails because there is no evidence to show that the real reason behind his discharge was color discrimination. "Title VII does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of [supervisors], unless the facts and circumstances indicate that discriminatory animus was the reason for the decision." *Smith, supra*, at 16. "Courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory decisions." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 825 (1st Cir.1991).

Plaintiff did not offer any evidence of discriminatory animus. His self-serving allegation that other employees with records inferior to his own were not fired is conclusory and

---

1. To this effect, plaintiff merely makes a blanket statement and does not reference the names of these alleged employees or their evaluations.

remains unsubstantiated.[2] Other than that, plaintiff relies entirely on his assumption that defendant failed to articulate a legitimate nondiscriminatory reason for his termination and declines to address the matter of discriminatory animus. (Pl.'s Opp'n, at 16) Plaintiff insists that by contesting defendant's nondiscriminatory reasons for dismissal he has proved that Stryker would not have terminated him from his employment but for his national origin and color. *See id.* Plaintiff's assumption, however, is fatal to his case. If anything, Falero has only succeeded in casting doubt on Stryker's nondiscriminatory reason. As previously discussed, this is not enough to survive a motion for summary judgment. It is settled law in this circuit that a plaintiff cannot make a showing of pretext simply by undercutting the employer's articulated reason for the discharge. *See Hidalgo, supra,* at 337; *Smith, supra,* at 16.

At this juncture, the ultimate question becomes whether, on all the evidence of record, a rational factfinder could conclude that [color or national origin were] a determining factor in the employer's decision. That is to say, so long as the employer's proffered reason is facially adequate to constitute a legitimate, nondiscriminatory justification for the employer's actions, the trial court's focus in deciding a Rule 56 motion must be on the ultimate question, not on the artificial striations of the burden-shifting framework.... Hence, in a case where the first two steps of the *McDonnell Douglas* pavane have been satisfactorily choreographed, a plaintiff must offer some minimally sufficient evidence, direct or indirect, *both* of pretext *and* of the employer's discriminatory animus to prevail in the face of a properly drawn Rule 56 motion.

*Mesnick, supra,* at 825 (citations omitted, emphasis added).

■ The only other issue remaining is Falero's allegation that his supervisor, Carlo Micheletti, called him "boy" on several occasions. The matter was addressed by defendant in its motion for summary judgment, and not at all in plaintiff's opposition. Nevertheless, the Court finds that whether or not this in fact happened is immaterial for purposes of this motion. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Only disputes of fact that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992). While the attributed remark is somewhat disrespectful, it seems obvious that the term "boy" refers to a person's age and lacks racial and/or color connotations. *See Pagano v. Frank,* 983 F.2d 343, 349 (1st Cir.1993) ("Sporadic instances of rude behavior, without more, do not comprise competent proof of nationality-based discrimination."). Nonetheless, even if such a remark were enough to constitute a racial slur, Falero admitted in his deposition that this type of behavior occurred only once. (Falero's Dep., at 76–77). To this effect, "occasional or sporadic instances of the use of racial or ethnic slurs in and of themselves do not constitute acts of racial, [or, for that matter, color] discrimination." *Robinson v. Montgomery Ward & Co.,* 823 F.2d 793, 797 (4th Cir.1987). *See also Pagano, supra,* at 349 (citing *Robinson, supra*).

### III. CONCLUSION

In sum, the Court finds that no reasonable trier of fact could conclude from the evidence in the record, when viewed in the light most favorable to plaintiff, that Stryker discriminated against Falero on the basis of his color and/or national origin.

**WHEREFORE,** the Court **GRANTS** defendant's motion for summary judgment (Dkt.# 26). Judgment in favor of defendant shall be entered accordingly.

Additionally, after dismissing plaintiff's foundational federal claims, this Court must reassess its jurisdiction over the supplemental state claims. *See Camelio v. American*

---

**2.** Plaintiff submitted his own affidavit in support of this allegation. He did not name the persons who he claims had performances inferior to his and who also failed to meet development quotas. His self-serving statement, without more, is not enough to create a genuine issue of material fact as to the treatment afforded to similarly situated white employees.

*Fed'n,* 137 F.3d 666, 672 (1st Cir.1998). Thus, in the exercise of its discretion, and after balancing the competing factors, the court declines to exercise jurisdiction over plaintiff's supplemental claims. Plaintiff's state law claims are hereby **DISMISSED without prejudice.**[3]

**IT IS SO ORDERED.**

---

3. The Court would like to draw plaintiff's attention towards 28 U.S.C. § 1367(d) which provides that upon dismissal of the state law claims, he is not barred by any statute of limitations from asserting these claims in state court, provided that such limitation period did not run before this lawsuit was filed in federal court. Under § 1367(d) plaintiff's state law claims "shall be tolled while the [federal] claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).