09-2341-cv
Sanders v. Grenadier Realty, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ⁿᵈ day of February, two thousand ten.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
RICHARD D. CUDAHY,[*]
*Circuit Judges*.

-------------------------------------------------------------------------------
LAVERN SANDERS, QUEEN HOLT,
      *Plaintiffs-Appellants*,

    v.           No. 09-2341-cv

GRENADIER REALTY, INC., STEVENSON COMMONS, INC., DOES #1-10, inclusive,
      *Defendants-Appellees*.
-------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    NKEREUWEM UMOH, Brooklyn, New York.

APPEARING FOR APPELLEES:    JOSHUA D. LINDY, Brody, Benard & Branch LLP, New York, New York, *for Grenadier Realty, Inc.*

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

WILLIAM G. BALLAINE (Melissa Katz, *on the brief*), Landman Corsi Ballaine & Ford P.C., New York, New York, *for Stevenson Commons, Inc.*

Appeal from the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 6, 2009, is AFFIRMED.

Plaintiffs Lavern Sanders and Queen Holt, who served respectively as the president and vice president of their housing project's tenants' association, sued defendants Stevenson Commons, the housing project, and Grenadier Realty, Inc., for violations of 42 U.S.C. § 1982, the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., the First Amendment, and New York state law.[1] They now appeal from the dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a ruling we review de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in plaintiffs' favor, see Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008), and from the denial of leave to amend, which we review for abuse of discretion, see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Plaintiffs' original complaint also alleged violations of 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Fifth and Fourteenth Amendments. Plaintiffs withdrew these claims before the district court.

2

1. Section 1982 Claim

Title 42 U.S.C. § 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Section 1982 has been interpreted to prohibit "intentional discrimination" based on race. Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 617 (1987) (quoting Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987)). Plaintiffs submit that the following allegations adequately state that defendants intentionally discriminated against them based on race: (1) "Upon information and belief, non-black residents have been granted subsidies and re-certifications while plaintiffs have been denied the same in the same period," Am. Compl. ¶ 17; and (2) "In light of the foregoing therefore, the defendants discriminated against plaintiffs on account of their race and national origin in violation of Title VIII, and sections 1982 and 1981," id. ¶ 26.

To survive a motion to dismiss, plaintiffs must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering whether a claim is facially plausible, we do not accept legal conclusions as true. See Ashcroft v. Iqbal, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, the conclusion that "defendants discriminated against plaintiffs on account of their race and national origin in violation of . . . section[] 1982" does

3

not state a plausible claim to relief. While paragraph 17 does allege facts consistent with a discrimination claim, i.e., that non-black residents were granted subsidies, it nevertheless "stops short of the line between possibility and plausibility of entitlement to relief," id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557 (internal quotation marks omitted)), because plaintiffs do not allege any facts supporting an inference of racial animus.[2] Accordingly, we conclude that the district court properly dismissed the § 1982 claim.

2.    FHA Claim

The FHA makes it unlawful "[t]o refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race," 42 U.S.C. § 3604(a), or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race," id. § 3604(b). Plaintiffs alleged that they were "refused a recertification that would [have] granted [them] much needed rent subsidies" in violation of the FHA. Am. Compl. ¶ 11. They now appeal the district court's determination that their

_____

[2] Further, plaintiffs allege no basis for the "information and belief" on which their assertion that non-black residents were granted subsidies rests. "[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption. Thus, matters of public record or matters generally known in the community should not be alleged on information and belief inasmuch as everyone is held to be conversant with them." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1224, at 300-01 (3d ed. 2004). Because the complaint does not illuminate the nature of the challenged re-certification process, we do not know whether this assertion is a matter of public record which plaintiffs should plead on personal knowledge. In any event, while pleadings may be based on "the best of the [attorney's] knowledge, information, and belief," that information and belief must be "formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11.

4

FHA claim is deficient because they did not adequately plead (1) that the named defendants denied them the subsidies at issue, or (2) that they were qualified to rent. We agree with the district court.

The complaint fails adequately to plead that plaintiffs "were qualified to rent or purchase the housing." Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003). The complaint makes only the following conclusory assertions: (1) "Sanders was . . . denied the right to subsidies that she is entitled to," Am. Compl. ¶ 12, and (2) "At all times plaintiffs were competent and able to pay their rent under the subsidies offered to [them] under the National Housing Act," id. ¶ 15. But a necessary precondition to rent subsidies is a resident's submission of required reports as to her income and household composition within ten days of the landlord's written request. Because plaintiffs have not alleged satisfaction of this requirement for the year at issue, we cannot conclude that the complaint plausibly alleges plaintiffs' entitlement to the subsidies that qualify them to pay their rent. In light of this omission and plaintiffs' failure to allege what defendants did or did not do to deny them subsidies, we identify no error in the district court's dismissal of plaintiffs' FHA claim. See Ashcroft v. Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

3.    First Amendment Claim

Plaintiffs next submit that the district court erred in dismissing their First Amendment claim because they did not adequately plead that defendants were state actors. See, e.g.,

5

Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (holding that litigant claiming violation of constitutional rights "must first establish that the challenged conduct constitutes 'state action'" (quoting United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295 (2d Cir. 1991) (internal quotation marks omitted)). Plaintiffs assert that the facts alleged "easily permit the inference that [the Department of Housing and Urban Development], in conjunction with the defendants, determined who received subsidies pursuant to Section 236 of the National Housing Act." Appellant's Br. at 11. We disagree. As noted above, the complaint is ambiguous regarding the relationship between defendants' challenged conduct and decisions regarding government subsidies. Plaintiffs' allegation that "they have also been threatened with eviction and refused a recertification that would [have] granted [them] much needed rent subsidies," Am. Compl. ¶ 11, is insufficient to support an inference of state action because it does not demonstrate state responsibility for tenants' re-certification. See Blum v. Yaretsky, 457 U.S. 991, 1008-09 (1982) (holding that discharge decision from state-subsidized nursing homes was not state action); see also United States v. Stein, 541 F.3d 130, 149 (2d Cir. 2008) (observing that state action is lacking when "the government was not dictating the outcomes of particular cases"). Nor can the fact of government subsidy, by itself, establish state action. See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 544 (1987) ("The Government may subsidize private entities without assuming constitutional responsibility for their actions."); Husain v. Springer, 494 F.3d 108, 134 (2d Cir. 2007)

6

("Extensive regulation and public funding, either alone or taken together, will not transform a private actor into a state actor . . . ." (internal quotation marks omitted)). Accordingly, we conclude that the district court properly dismissed plaintiffs' First Amendment claim.

4.     Leave To Amend

Plaintiffs submit that the district court abused its discretion in denying leave to amend. We disagree. "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and alteration omitted); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1484, at 598-600 (2d ed. 1990) ("[A]n abuse of discretion may be found if the court simply denies the motion to amend without offering any explanation."). Here, plaintiffs were afforded two opportunities to amend before their complaint was dismissed. Moreover, the district court reasonably concluded that leave to amend would be futile because the affidavits plaintiffs submitted in support of their proposed additional claims contained the same deficient, conclusory allegations that led the district court to dismiss the complaint. We, therefore, conclude that the denial of leave to amend was a reasonable decision well within the district court's discretion.

We have considered plaintiffs' other arguments on appeal and conclude that they lack

7

merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court